### CALDWELL *versus* GILLIS, and ux.

If a receipt in discharge of a right has been executed voluntarily and with a proper understanding, and there is no proof of fraud, mistake, or ignorance of the rights of the party executing it; the presumption in favor of its validity, must prevail.

Where it appeared that a receipt, charged to have been procured fraudulently, was the motive which induced the defendant to distribute an estate to the advantage of the complainant, and at the risk of injury to the defendant; and there was no proof of fraud in procuring the receipt; the Court refused to determine the receipt void and inoperative.

This case originated in a bill in Chancery, filed in the Circuit Court of Conecuh, by the defendants in error, against the plaintiff and others, distributees, for relief, &c.

The bill charged the defendant, as administratrix of the estate of her husband, who was the father of complainant's wife, with having, by fraudulent representations, procured from the wife of the complainant, before his marriage, in discharge of a right she possessed in the estate of her father: also, to recover two children, alleged to have been the issue of a slave given to the complainant's wife, by her father.

The answer denied the allegations of the bill, generally ; and upon a final hearing, the Chancellor dismissed the bill as to all the defendants, except the plaintiff in error, and as to her, decreed, that the balance of a judgment for which the receipt appeared to have been taken, should be paid out of the assets in her hands belonging to her intestate.

The proof did not sustain the allegations of the bill as to the gift of the slave; nor the fact of the receipt having been fraudulently obtained; and to reverse the decree of the Court below, the defendant brought the case into this Court.

PARSONS & COOPER, for Plaintiff.
GOLDTHWAITE, *contra.*

By Mr. Justice THORNTON:

This was a bill in Chancery, filed by the defendants in error, against the plaintiff, who was the relict, and administratrix of the father of Nancy ; as also, against several others, co-distributees with the said Nancy, of the estate of her deceased father. The object of the bill, was to recover two negro children, on the ground alleged, that the father, in his lifetime, had given their mother, a negro woman named Mary, to the said Nancy : and to procure the cancelment of a receipt which was executed by Nancy, some short

time, alleged to be only a day,) before her marriage with the said John Gilles, to the plaintiff in error, by virtue of which receipt, a judgment against the said Sarah, as administratrix, in favor of one Muse, and by him assigned of record to the defendant Nancy, was claimed to be satisfied ; as also for the payment of the amount due and unpaid upon the said judgment. The bill charges, that this receipt was fraudulently procured from the defendant Nancy, by false representations made to her, by the widow and co-distributees ; that the transfer of the judgment, was made to her jointly with the other distributees of her father's estate ; and that the only consideration of the execution of it was, in the language of the bill, " for and in consideration of the said slave Mary; heretofore charged as given to your oratrix, no other consideration whatever having been given to your oratrix for the same."

The bill also charges that this receipt was executed without the knowledge or consent of the said John, and was in fraud of his marital rights. The answers all deny the gift of the slave Mary, by the deceased father. They also deny any fraudulent representations by which the receipt is charged to have been procured. They allege, that it was well known to Nancy, that the whole interest in the judgment, was exclusively her own, and that it was executed upon a final distribution of the whole estate of her father, between her, and her co-distributees, for the purpose of enabling the distribution to be made as it was, by the administratrix, of the property remaining in her hands, after the payment of all the other debts due from the estate, except the said judgment. The proof wholly fails, to establish the gift of the slave Mary, to Nancy, by her deceased father; or to sustain the allega-

tion of fraudulent misrepresentations inducing the execution of the receipt. The Chancellor dismissed the bill as against all the other defendants to it, except the administratrix; and decreed the unpaid balance of the judgment, against her, to be satisfied out of the unadministered assets of her decedent's estate. The only ground upon which this decree can be sustained, is that this receipt is a nullity; and did not discharge the judgment as it purported to do. We do not think that there is any principle of equity, which would authorise its cancelment, under the state of facts presented by the record. The presumption in favor of the validity of a receipt must prevail, unless proven to have been procured by fraud, mistake, or ignorance of the rights of the party executing it.— Even a purely voluntary receipt, like a gift executed by delivery of the thing given; is conceived to be binding against the party who fairly, and understandingly makes it. But this receipt can not be said, to be voluntary in its character. The result, from the bill and answer is, that if it was not executed in consideration of the slave Mary, as expressly alleged in the bill, it was, at least, the motive which induced the administratrix to surrender, and divide out the estate; by which distribution, thus induced, and procured, the said Nancy, not only only received more than as distributee, she was entitled to ; but a great injury might have accrued to the administratrix by this divestiture of the property ; which of itself, would constitute a valid consideration.

So far as this receipt may be supposed to have been made, in fraud of the marital rights of the husband, although the bill charges that a fraud was practised upon him in general terms, yet it does not present any facts, which constitute in themselves

such a fraud. To constitute a fraud upon the intended husband, some thing more must appear, than the mere facts of the execution of the receipt without his knowledge and consent, and the subsequent marriage, before his having learned it. The concealment, or failure to communicate the execution of such receipt, is only one of the necessary ingredients in the fraud, but can not constitute it. It does not appear that he ever knew that Muse had transferred to her, the equitable interest in this judgment, much less, that any idea was ever held out to him, that on the marriage he would be entitled to it. We therefore do not think it void on this last ground, any more than on the first.[a] So far as the decree subjects the plaintiff in error in any way, it must be reversed, at the costs of the defendants in error, in this Court, and in the Court below.

a 1 Bac.Ab.485 tit. Bar&Feme 2d Brown's C. R. 345.